UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-40053-01-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER GRANTING MOTION TO SEVER |
| RANDAL KENT HANSEN, | ) | |
| Defendant. | ) | |

Defendant, Randal Kent Hansen, moves the court to sever count 30 from the other 29 counts of the second superseding indictment. The United States resists the motion. For the reasons stated below, the court grants the motion to sever.

**BACKGROUND**

Hansen was originally indicted on May 8, 2013, on 29 counts alleging conspiracy to defraud, wire fraud, and mail fraud. Subsequently, the government filed a superseding indictment charging the same 29 counts but adding related conduct. On December 3, 2013, the government filed a second superseding indictment, charging the 29 previous counts and adding a 30th count charging Hansen with making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). Count 30 alleges that on or about October 15, 2013, Hansen knowingly made a materially false statement when attempting to purchase a shotgun when he represented that he

was not under indictment for a felony when he was, in fact, under indictment for the 29 counts in the original indictment.

## DISCUSSION

An indictment may charge a defendant with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A court may sever joined counts if such joinder appears to prejudice a defendant. Fed. R. Crim. P. 14(a). "When a defendant moves for severance, a district court must first determine whether joinder is proper under [Rule] 8. Even if joinder is proper under that rule, the court still has discretion to sever under Rule 14." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). " 'The rule is broadly construed in favor of joinder to promote judicial efficiency.' " *United States v. Midkiff*, 614 F.3d 431, 439 (8th Cir. 2010) (quoting *United States v. McCarther*, 596 F.3d 438, 441 (8th Cir. 2010)).

The Eighth Circuit has defined the same or similar character requirement of Rule 8 as meaning " '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' " *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (alteration in original) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (*per curiam*)). Generally, joinder is appropriate when the charges refer to the same type of offense, the conduct occurred over a relatively short period of time, and trial will involve overlapping

evidence. *See Ruiz*, 412 F.3d at 887 (citing *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999)); *see also Tyndall*, 263 F.3d at 850 (referring to those three factors as the "prerequisites for joinder").

The government argues that count 30 is similar in kind to the original 29 counts because all the counts allege that defendant made fraudulent representations. Docket 34 at 2. Hansen contends that the first 29 counts involve a deceptive investment scheme, while count 30 involves an isolated incident with no connection to the conduct underlying the original 29 counts. Docket 32 at 2-3.

At a very general level, the charge in count 30 is similar to the charges in the original 29 counts because all the charges involve some type of fraud or misrepresentation. But there does not appear to be any connection or nexus between the misrepresentations which would suggest that count 30 is part of the same transaction or a common scheme or plan. Other than the fact that all the offenses include a misrepresentation, there is no identifiable similarity linking count 30 to the other 29 counts. The lack of similarity weighs in favor of finding joinder to be improper. Additionally, Hansen did not attempt the firearm purchase involved in count 30 until over five months after being indicted, which further suggests that the firearm purchase is not connected to the pattern of conduct charged in the first 29 counts. Finally, the overlap in evidence is minimal. Although the government would be required to prove that

3

Hansen was under indictment at the time of his misrepresentation charged in count 30, the fact that Hansen was under indictment on October 15, 2013, would not be used to prove any element of any charge in the first 29 counts.

Although the offense charged in count 30 is similar in one respect to the offenses charged in the original 29 counts, the dissimilarities in conduct, timing, and evidence outweigh the one commonality in this particular instance. Therefore, the offense charged in count 30 is not of the same or similar character as the offenses charged in the first 29 counts, and joinder is improper. Because the court is granting the motion to sever based on improper joinder, the court does not need to reach the issue of whether Hansen showed sufficient prejudice to support severance under Rule 14.

## CONCLUSION

The offense charged in count 30 is not of the same or similar character as the offenses charged in the original 29 counts. Joinder of count 30 with the other 29 counts is improper. Accordingly, it is

ORDERED that defendant Randal Kent Hansen's motion to sever (Docket 30) is granted. A separate jury trial on this count will be scheduled.

Dated January 2, 2014.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE